IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

LARRY ARNOLD YOUNG,

      Plaintiff,

v.                                                Case No. 1:17-cv-03633

T.A. LACY; PERRY RICHMAN;
and AARON YOUNG,

      Defendants.

## MEMORANDUM OPINION and ORDER

Pending are Plaintiff's Motion for the Appointment of Counsel, (ECF No. 12), and Motion to Amend and Supplement, (ECF No. 13). For the reasons that follow, the court **DENIES** the Motion for the Appointment of Counsel, without prejudice to reconsideration of Plaintiff's request for counsel in the future, and **GRANTS** the Motion to Supplement, but **DENIES** the Motion to Amend.

With respect to the motion for the appointment of counsel, the undersigned notes that Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739

1

F.2d 160, 163 (4th Cir. 1984); *see also Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982). ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it.") (footnote omitted).

Plaintiff argues that his case justifies the appointment of counsel because he has been unable to find "counsel of his choice" and he is "not trained in legal procedures and [has] a limited knowledge of law." (ECF No. 12 at 1). Unfortunately, these ground are not exceptional. Many *pro se* litigants are unable to find lawyers willing to represent them, and many lack funds to hire counsel on an hourly basis. Most *pro se* plaintiffs lack legal training and education. While Plaintiff's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, as does his professed lack of legal training, these limitations do not, in and of themselves, satisfy the "exceptional" standard to justify the appointment of counsel. *See, e.g., Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010). Having reviewed Plaintiff's filings, the undersigned finds Plaintiff to be fully capable of presenting his claims at this stage of the litigation. Accordingly, Plaintiff's motion must be denied. However, should the complexion of the case change in the future (for example, should the matter proceed to trial), Plaintiff is not precluded from reasserting a request for the appointment of counsel.

In regard to Plaintiff's Motion to Amend or Supplement, the court grants the motion to supplement, but denies the motion to amend given that Plaintiff does not seek to file an amended complaint. Plaintiff is advised that it is not necessary to file a motion to amend or supplement in order to submit additional documentation in support of an existing complaint. A motion to amend is generally used to join new parties or claims, while a motion to supplement is used to set out "any transaction, occurrence, or event

that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15. Considering that (1) Plaintiff's goal is to submit additional supportive documentation; (2) all of Plaintiff's supplemental documentation involves events that occurred prior to the filing of the complaint, and (3) only one page of the documentation is dated after the date the complaint was filed, a motion to supplement is unnecessary, while a motion to amend is inappropriate. Moreover, while Plaintiff may file additional documentation in support of his complaint in the future, should he choose to do so, he is not required to supply all supporting documentation with his complaint. To comply with Fed. R. Civ. P. 8, Plaintiff's complaint need only include "a short and plain statement of the grounds for the court's jurisdiction," "a short plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a). Evidentiary documentation in support of the claims asserted in the complaint should be submitted later in the proceedings when required by rule, law, or court order.

    It is so **ORDERED**.

    The Clerk is instructed to provide a copy of this Order to Plaintiff, counsel of record, and any unrepresented party.

    **ENTERED:** August 23, 2017

Cheryl A. Eifert
United States Magistrate Judge