IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**LARRY ARNOLD YOUNG,**

    **Plaintiff,**

v.                                                    **Case No. 1:17-cv-03633**

**T.A. LACY; PERRY RICHMAN;
and AARON YOUNG,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

On July 18, 2017, Plaintiff Larry Arnold Young filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that the defendants, all employees of the Mercer County Sheriff's Department, used unnecessary and excessive force in their interactions with Young. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On August 15, 2017, Plaintiff filed the pending Request for Temporary Restraining Order. (ECF No. 15). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Plaintiff's request for a Temporary Restraining Order be **DENIED**.

**I.    Plaintiff's Allegations**

In the complaint, Plaintiff alleges that on June 26, 2017, he was brought before the Honorable Derek C. Swope, Judge of the Circuit Court of Mercer County, West Virginia, on pending criminal charges. (ECF No. 1 at 11). Plaintiff attended the hearing in a

1

wheelchair due to a pre-existing back injury. At the conclusion of the hearing, Defendant Aaron Young, a courtroom bailiff, grabbed the wheelchair in which Plaintiff was sitting and began to push Plaintiff from the courtroom. According to Plaintiff, Defendant Young jostled, jarred, jerked and rammed the wheelchair through the courthouse, over metal grills and extension cord covers, and ultimately dumped Plaintiff out of the wheelchair onto the floor. (ECF No. 1 at 12; ECF No. 15). Defendant Young then grabbed Plaintiff by his shirt collar and stuffed him back into the wheelchair. Plaintiff claims that he felt severe pain at the time and has continued to suffer from an exacerbation of his underlying back injury caused by Defendant Young. (ECF No. 1 at 12-13). Plaintiff asks the Court for an order restraining Defendant Young from subjecting Plaintiff to future episodes of similar rough treatment.

## II. Relevant Legal Standards

Federal Rule of Civil Procedure 65 governs the issuance of a Temporary Restraining Order ("TRO"), stating that a court may issue a TRO "without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b)(1). To obtain a TRO, the movant must demonstrate all of the following four elements: "(1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an [TRO] is in the public interest." *Sorenson v. Stevanus*, No. CIV.A. PWG-15-1653, 2015 WL 3953934, at *4 (D. Md. June 26, 2015) (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). "The [movant] bears the burden of establishing that these factors favor granting the injunction." *Manning v. Hunt*,

119 F.3d 254, 263 (4th Cir. 1997) (citing *Direx Israel, Ltd.,* 952 F.2d at 812). A TRO expires in fourteen days unless the court extends it for good cause, or upon the consent of the adverse party. Fed. R. Civ. P. 65(b)(2).

Because a TRO is an extraordinary remedy, it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter,* 555 U.S. at 22. The court may not issue a TRO "simply to eliminate a possibility of a remote future injury." *Kates v. Packer*, No. 3:CV-13-1525, 2014 WL 1218905, at *3 (M.D. Pa. Mar. 24, 2014) (quoting *Holiday Inns of Am., Inc. v. B & B Corp.,* 409 F.2d 614, 618 (3d Cir. 1969)). Instead, the irreparable harm alleged by the movant must be "actual and imminent, not merely speculative ... The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat.'" *Id.* (citations omitted); *see, also, Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) ("Moreover, the required 'irreparable harm' must be 'neither remote nor speculative, but actual and imminent.'") (quoting *Tucker Anthony Realty Corp. v. Schlesinger,* 888 F.2d 969, 975 (2d Cir. 1989)). "The court must first determine whether the plaintiff has made a strong showing of irreparable harm if the [TRO] were to be denied; if so, then the court must balance the likelihood of harm to the plaintiff against the likelihood of harm to the defendant if the [TRO] were issued." *Wallace v. S.C. Dep't of Corr.*, No. C.A.3:07 271 HMH JRM, 2007 WL 1068236, at *3–4 (D.S.C. Mar. 29, 2007) (citing *Scotts Company v. United Industries Corporation,* 315 F.3d 264, 271 (4th Cir.2002)).

### III. Discussion

In this case, Plaintiff has wholly failed to show that he will suffer irreparable harm if a TRO is denied. Defendant Young apparently is a Mercer County Circuit Court bailiff

and, therefore, does not have daily or even regular access to Plaintiff, who is incarcerated at the Southern Regional Jail. Since the alleged events of June 26, 2017, Plaintiff describes no further interaction with Defendant Young, nor does Plaintiff indicate that he has any scheduled court appearances within the next fourteen days that would place him in Defendant Young's custody. Even if Plaintiff has a scheduled court appearance in the future, he has offered no factual basis upon which to conclude that Defendant Young will be present at the hearing, or that he will have occasion to guide Plaintiff's wheelchair again. Thus, Plaintiff's concern that Defendant Young will injudiciously navigate Plaintiff's wheelchair on some unknown date in the future is simply too speculative to rise to the level of a "presently existing actual threat." As previously stated, a TRO will not issue to prevent a remote future injury and cannot solely be based on a past harm. *See Fisher v. Goord,* 981 F. Supp. 140, 168 (W.D.N.Y.1997). Given that Plaintiff has failed to carry his burden to clearly show that he is entitled to the relief requested, his motion for a Temporary Restraining Order should be denied.

## IV.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding United States District Judge accept and adopt the findings herein and **RECOMMENDS** that Plaintiff's Request for Temporary Restraining Order, (ECF No. 15), be **DENIED**.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (if received by mail) from the date

of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, counsel of record, and any unrepresented party.

**FILED:** August 24, 2017

Cheryl A. Eifert
United States Magistrate Judge