IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

LARRY ARNOLD YOUNG,

        **Plaintiff,**

v.                                **Case No. 1:17-cv-03633**
                                         **Case No. 1:19-cv-00186**

T.A. LACY; and
STEVEN A. SOMMERS,

        **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Plaintiff's *pro se* complaint under 42 U.S.C. § 1983, (ECF No. 115), and a Motion and Amended Motion to Dismiss the complaint filed by Defendants T.A. Lacy ("Lacy") and Steven A. Sommers ("Sommers"). (ECF Nos. 120, 121). Plaintiff filed a response to the motions to dismiss, and Defendants filed a reply. (ECF Nos. 124, 127). Accordingly, the issues are fully developed and ready for resolution.

This matter is assigned to the Honorable David A. Faber, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that Defendants' Motion and Amended Motion to Dismiss, (ECF Nos. 120, 121), be **GRANTED**; that the complaint, (ECF No. 115), which is also filed in Case No. 1:19-cv-00186 be **DISMISSED**, with prejudice; that Case No. 1:19-cv-00186 be

**CLOSED** and **REMOVED** from the docket of the Court; and that Plaintiff be permitted to proceed with the remaining claim that is pending in Case No. 1:17-cv-03633.

## I.    Relevant Facts and Procedural History

On July 20, 2016, state authorities received a report that Plaintiff sexually assaulted a six-year-old female child. (ECF Nos. 53-1 at 2-4, 53-2 at 4). Plaintiff was arrested at a residence on July 22, 2016 and appeared for a preliminary hearing before a county magistrate, who found probable cause that Plaintiff committed sexual assault in the first degree and sexual abuse in the first degree. (ECF Nos. 53-1 at 4, 53-2 at 2-3). A Mercer County, West Virginia grand jury subsequently charged Plaintiff with one count of sexual assault in the first degree and two counts of sexual abuse in the first degree. (ECF No. 53-4 at 2-3). Plaintiff was ultimately tried before a jury and acquitted of all charges on March 15, 2018. (ECF No. 55 at 3).

While Plaintiff's criminal case was pending in state court, Plaintiff filed Case No. 1:17-cv-03633 in this court, naming as defendants Lacy, Aaron Young ("Young"), and Perry Richmond ("Richmond"). (ECF No. 1). In an amended complaint, Plaintiff asserted that Sommers, Lacy, and Jeremy Farmer "illegally entered and searched ... the trailer" where Plaintiff was found on July 22, 2016 and arrested him without a warrant. (ECF No. 33 at 2). Plaintiff alleged that, in the course of the arrest, Lacy snuck behind him, grabbed his left hand, twisted his arm behind his back, and something "cracked" in Plaintiff's wrist. (*Id.*). Plaintiff contended that he screamed in pain, but Lacy "jerked his arm up higher" and Plaintiff screamed again. (*Id.*). Plaintiff claimed that he has "suffered constant pain in [his] left wrist ever since that moment" and could not use his left hand "without insulting the injury and suffering severely." (*Id.* at 3). Plaintiff further asserted that Richmond and Young applied excessive force in removing him from the courtroom after

2

two of his criminal hearings. (ECF Nos. 1 at 29-31, 13 at 3-22, 33, 33-1 at 1-36). Defendants filed a motion for summary judgment and amended motion for summary judgment accompanied by memoranda in support, to which Plaintiff filed a response. (ECF Nos. 48, 49, 53, 54, 55).

On May 11, 2018, the undersigned issued Proposed Findings and Recommendations ("PF&R"), concluding that Plaintiff had raised genuine issues of fact with respect to his Fourth Amendment claims of an illegal search and false arrest, but failed to state valid claims of excessive force. (ECF No. 57). The undersigned recommended that Defendants Richmond and Young be dismissed from the case; that the excessive force claim against Lacy be dismissed, and that Plaintiff be permitted to proceed on his claims against Lacy of improper search and false arrest. (*Id*.). On September 28, 2018, the presiding District Judge adopted the findings and recommendations in the PF&R, except the Court found no factual basis to support the false arrest claim. (ECF No. 65). Consequently, the Court dismissed Defendants Perry Richmond and Aaron Young from the case, dismissed the false arrest and excessive force claims against Lacy, and allowed Plaintiff to proceed with his Fourth Amendment illegal search claim against Lacy. (*Id*.).    On October 17, 2018, Plaintiff filed a Notice of Appeal with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). (ECF No. 70). The Fourth Circuit dismissed the appeal on January 30, 2019 due to Plaintiff's failure to prosecute. (ECF No. 78).

On March 15, 2019, Plaintiff filed a second civil action, which pertained to the same search, arrest, detention, and prosecution underlying Case No. 1:17-cv-03633. The second civil action was docketed as Case No. 1:19-cv-00186 and, for the first time, named Sommers as a defendant,. (ECF No. 115).

On April 18, 2019, the Fourth Circuit reopened Plaintiff's appeal, noting that Plaintiff evidently did not receive critical filings in the matter because the Clerk of the Fourth Circuit was not using the correct mailing address. (ECF No. 91). On June 13, 2019, the presiding District Judge stayed the remaining claim in Case No. 1:17-cv-03633, pending completion of Plaintiff's appeal. (ECF No. 110). On August 26, 2019, the Fourth Circuit denied the appeal on the ground that it lacked jurisdiction over the matter, because the District Court had not issued a final order, nor an appealable interlocutory or collateral order. (ECF No. 111).

That same day, the undersigned entered an Order consolidating Case Nos. 1:17-cv-03633 and 1:19-cv-00186 on the basis that they involved the same underlying events. (ECF No. 114). As previously indicated, although Sommers had been mentioned in Plaintiff's amended complaint in Case No. 1:17-cv-03633, Sommers was not named as a defendant in that action. Accordingly, the Clerk issued a summons to Sommers, which was served with the complaint filed in Case No. 1:19-cv-00186. (ECF Nos. 116, 118).

On October 22, 2019, Lacy and Sommers filed Motions to Dismiss with an accompanying memorandum. (ECF Nos. 120, 121, 122). In the motions, Lacy argues that the newly filed complaint should be dismissed against him, because it is duplicative of the amended complaint pending in Case No. 1:17-cv-03633. Lacy notes that the new complaint relies on the same factual allegations and asserts the same claims already raised in this action. Sommers argues that the complaint should be dismissed against him, because Plaintiff's claims against him are either barred by the applicable statute of limitations or fail as a matter of law. (ECF No. 122).

Plaintiff was notified of his right to respond to the Motions to Dismiss, (ECF No. 123), and he did so on November 15, 2019. (ECF Nos. 124, 125). In his response and

accompanying memorandum, Plaintiff clarifies that his claims against Sommers include the following: illegal entry, illegal search and seizure, false detention, false arrest, filing false claims, refusing Plaintiff medical attention, perjury, defamation of character, and malicious prosecution. Plaintiff asserts that his claims against Sommers are not time barred because the limitations period did not begin to run until Plaintiff was exonerated of the criminal charges for which he was arrested. Plaintiff further asserts that any claims against Sommers "relate back" to the original complaint. With respect to his claims against Lacy, Plaintiff submits new evidentiary support for the claims in the form of witness affidavits, but does not dispute that the claims are duplicative of those already alleged.

Lacy and Sommers filed a reply, asserting that Plaintiff offers little substantive resistance to their dispositive motions; instead, he attempts to rely on his *pro se* status as a reason to excuse him from the Federal Rules of Civil Procedure. (ECF No. 127). The defendants further argue in their reply that Plaintiff's claims must be dismissed as duplicative of his amended complaint in Case No. 1:17-cv-03633, with the exception that Plaintiff now specifically names Sommers as a defendant. Defendants argue that the claims against Sommers are time-barred, are not subject to the favorable termination rule, and do not relate back to Plaintiff's original pleading simply because Plaintiff decided not to name Sommers as a defendant in his original action. Finally, Defendants contend that Plaintiff's false arrest, malicious prosecution, excessive force, and denial of medical care claims fail as a matter of law given this Court's prior determinations that probable cause existed for Plaintiff's arrest; that the use of force with Plaintiff was objectively reasonable; that Lacy was entitled to qualified immunity; and that Plaintiff suffered no injury.

5

## II.    **Standard of Review**

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007) (stating to survive a 12(b)(6) motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face"). Accordingly, the Court will assume that the facts alleged in the amended complaint are true and will draw all reasonable inferences in Plaintiff's favor as the nonmoving party. *Burbach Broad. Co. of Delaware v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). "Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, 'we must be especially solicitous of the wrongs alleged' and 'must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief *under any legal theory which might plausibly be suggested by the facts alleged.'*" *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (quoting *Harrison v. United States Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988)).

While the Court "take[s] the facts in the light most favorable to the plaintiff, ... [the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). A complaint fails to state a claim when, accepting the plaintiff's well-pleaded allegations as true and drawing all reasonable inferences, the complaint lacks "enough facts to state a claim to relief that is plausible on

6

its face." *Twombly*, 550 U.S. at 570. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do" and a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

Court are required to liberally construe *pro se* complaints, such as the complaint filed herein. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.    <u>Discussion</u>

Plaintiff named two defendants in Case No. 1:19-cv-00186: Lacy and Sommers. The claims against each defendant are considered, in turn.

### A. *Claims against Lacy*

Plaintiff alleges that Lacy illegally entered and searched "a dwelling" on July 22, 2016, confiscated property without leaving a confiscation slip, and applied excessive force in handcuffing Plaintiff during his arrest, which injured Plaintiff's wrist severely. (ECF No. 115 at 6). As noted, Plaintiff previously raised the same claims in Case No. 1:17-cv-03633, and the Court dismissed the false arrest and excessive force claims against Lacy, allowing Plaintiff to proceed with his Fourth Amendment illegal search claim against Lacy. (ECF No. 65).

A district court can dismiss duplicative or redundant lawsuits. *Cottle v. Bell*, No. 00-6367, 2000 WL 1144623, *1 (4th Cir. Aug. 14, 2000); *Moore v. Corpening*, No. 1:19-CV-00201-FDW, 2019 WL 3940926, at *3 (W.D.N.C. Aug. 20, 2019) ("Because this new action is duplicative of the other action pending in this Court, Defendants Corpening and Hamilton will be dismissed.") "Generally, a lawsuit is duplicative of another one if the parties, issues and available relief do not significantly differ between the two." *Nicholson v. Clarke*, No. 1:13-CV-01397 (LO/IDD), 2013 WL 12099299, at *1 (E.D. Va. Nov. 20, 2013), *aff'd,* 564 F. App'x 44 (4th Cir. 2014) ("Since plaintiff is already litigating in this Court the claims he makes here, this action is duplicative of case number 1:13cv1149 and will be dismissed on that basis."). A district court in this circuit has described the rule against duplicative litigation or "claim splitting" as a corollary to the *res judicata* doctrine. *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 579 (D. Md. 2004). "In a claim splitting case, as with the traditional res judicata analysis, the second suit will be barred if the claim involves the same parties or their privies and arises out of the same transaction or series of transactions as the first claim." *Id.* (citation omitted). "Like res judicata, claim splitting prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action." *Id.* (citation omitted).

Plaintiff's newly asserted claims against Lacy should be dismissed as duplicative of his claims in Case No. 1:17-cv-03633, because they are asserted against the same defendant and involve precisely the same issues and available relief. (ECF Nos. 1, 33). To the extent that Plaintiff's new complaint could be construed as a motion to amend or supplement his pleadings in his original action, it serves no practical purpose as it does not raise any new claims against Lacy. Rather, Plaintiff asserts claims that this Court has

already considered. As noted, Plaintiff's only viable claim against Lacy remains pending in his original action.

Furthermore, if Plaintiff's new complaint is construed as a motion for reconsideration of the Court's dismissal of Plaintiff's false arrest and excessive force claims against Lacy, Plaintiff fails to state any basis for reconsideration. Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." In reviewing a Rule 54(b) motion, courts take "guidance from the case law governing Rule 59(e) motions to alter or amend a judgment and Rule 60(b) motions for relief from judgment." *Farmer v. Lyons*, No. CV PWG-18-567, 2018 WL 4335517, at \*2 (D. Md. Sept. 10, 2018). Both rules contemplate a change in law, new evidence, or other justification for reconsideration of the judgment. When a "motion raises no new arguments, but merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized. *Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (citing *United States v. Williams,* 674 F.2d 310, 312 (4th Cir. 1982)). In this case, Plaintiff does not assert new arguments, law, or other grounds to reopen claims against Lacy that were previously dismissed by this Court. *See* (ECF No. 65).

Therefore, the undersigned **FINDS** that Plaintiff's claims against Lacy in Case No. 1:19-cv-00186 should be dismissed as duplicative of his claims against Lacy in Case No. 1:17-cv-03633.

### B. *Claims against Sommers*

Plaintiff contends that Sommers illegally entered and searched a dwelling without

a search warrant on July 22, 2016; seized property without a confiscation slip; falsely arrested and imprisoned him without an arrest warrant or probable cause; refused him medical attention upon bringing him to the Sheriff's office; slandered and defamed him by giving perjured testimony in Plaintiff's preliminary criminal hearings and to the grand jury; and maliciously prosecuted him. (ECF No. 124).

Defendants argue that Plaintiff's claims against Sommers are barred by the applicable statute of limitations. In an action brought pursuant to 42 U.S.C. § 1983, the statute of limitations is determined by the law of the State in which the action is brought, while federal law governs when the limitation period accrues. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *A Society Without a Name v. Virginia*, 655 F.3d 342, 348 (4th Cir. 2011).

### 1. Search and seizure

Plaintiff's illegal search and seizure claim is subject to a two-year statute of limitations under West Virginia law. *See, e.g., Hill v. Simms*, No. 3:07-CV-00349, 2010 WL 3852039, at *2 (S.D.W. Va. Sept. 30, 2010), *aff'd* 418 F. App'x 184 (4th Cir. 2011) (applying two year statute of limitations to search and seizure claim); *Dunigan v. Purkey*, No. 2:17-CV-00040, 2018 WL 4087564, at *9 (N.D.W. Va. July 25, 2018), *report and recommendation adopted,* 2018 WL 4059424 (N.D.W. Va. Aug. 23, 2018), *appeal dismissed,* No. 19-6236, 2019 WL 3815748 (4th Cir. Apr. 18, 2019) (same); *Rosenthal v. Jezioro*, No. 2:08-CV-81, 2008 WL 4900563, at *5-6 (N.D.W. Va. Nov. 13, 2008) (same). Regarding when the claim accrued, Plaintiff contends that the statute of limitations did not begin running until he was acquitted of the charges that formed the basis of the search and seizure. (ECF No. 124). However, under federal law, the statute of limitations began to run when Plaintiff had "knowledge of his claim or when he [wa]s put on notice—e.g., by the knowledge of the fact of injury and who caused it—to make reasonable inquiry and

that inquiry would reveal the existence of a colorable claim." *Kanode v. W. Virginia*, No. CV 1:13-cv-16360, 2015 WL 9589729, at *3 (S.D.W. Va. Dec. 3, 2015), *report and recommendation adopted,* 2015 WL 9581845 (S.D.W. Va. Dec. 30, 2015), *judgment entered sub nom. Kanode v. State*, 2015 WL 9582708 (S.D.W. Va. Dec. 30, 2015). When a person is present and aware of the search and seizure, the claim generally accrues at that time. *Dunigan,* 2018 WL 4087564, at *9 ("In the typical search and/or seizure, because the plaintiff is usually present during the same, he or she knows the facts and circumstances, the accrual of his or her Fourth Amendment claims happens on the same day of the search and/or seizure."); *Edokobi v. U.S. Dep't of Justice*, No. TDC-17-3639, 2019 WL 3945482, at *3–4 (D. Md. Aug. 21, 2019) (stating that statute of limitation on search and seizure claim began on date of search, not upon favorable termination of the case against the person). In this case, Plaintiff concedes that he witnessed Sommers illegally search a residence and seize evidence on July 22, 2016. (ECF No. 124). Therefore, the statute of limitations applicable to Plaintiff's illegal search and seizure claim accrued on July 22, 2016.

In certain instances, a claim may relate back to a timely-filed original pleading. An amendment to add an additional party relates back when "(1) the claim asserted in the proposed amendment arises out of the same conduct set forth in the original pleading, and (2) the party to be added (a) received timely notice of the action such that he would not be prejudiced in maintaining a defense on the merits, and (b) knew or should have known that he would have been named as defendant 'but for a mistake concerning the proper party's identity.'" *Tatum v. RJR Pension Inv. Comm.*, 761 F.3d 346, 371 (4th Cir. 2014) (citing Fed. R. Civ. P. 15(c)(1)). Thus, the law allows relation back when a plaintiff misnamed the party that the plaintiff actually intended to sue, and the party is already

11

included in the lawsuit, albeit by the wrong name. *Rennie v. Omniflight Helicopters, Inc.*, 165 F.3d 19 (4th Cir. 1998).

In contrast, relation back is not permitted "where the plaintiff was simply wrong about who the plaintiff wanted to sue." *Id.* Similarly, a "deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Tatum*, 761 F.3d 346, 372 (quoting *Krupski v. Costa Crociere S. p. A.,* 560 U.S. 538, 549 (2010)). Accordingly, Rule 15(c)'s requirements are not satisfied where "the original complaint and the plaintiff's conduct compel the conclusion that the failure to name the prospective defendant in the original complaint was the result of a fully informed decision." *Id.* (quoting *Krupski,* 560 U.S. at 552). In evaluating whether an amendment relates back, "[t]he question is not whether the amending party knew or should have known the identity of the proper defendant, but whether the potential defendant knew or should have known that it would have been named as a defendant but for an error." *Covey v. Assessor of Ohio Cty.*, 666 F. App'x 245, 248 (4th Cir. 2016) (quoting Krupski, 560 U.S. at 548). Further, "[a]lthough the statute of limitations is an affirmative defense that must be established by the defendant, *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007), when relation back is required to satisfy the statute of limitations, the burden is on the plaintiff to prove that Rule 15(c) is satisfied." *Id.* (quoting *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1200 (4th Cir. 1989)).

Here, Plaintiff asserted in his original and amended complaints that Sommers was present when the dwelling was illegally searched and evidence was illegally seized. (ECF Nos. 1, 33). However, Plaintiff chose not to join Sommers in the lawsuit. (*Id.*). Instead, he named only Lacy, Richmond, and Young as defendants. (*Id.*). In September 2017, the

undersigned held a status conference, attended by Plaintiff, in which his claims and alleged injuries were discussed at length. (ECF No. 24). At no time did Plaintiff indicate his intention to include Sommers as a defendant. Moreover, when Plaintiff was permitted to amend his complaint, he still made no effort to join Sommers in the case. (ECF No. 33). Plaintiff now proposes to ***add*** Sommers as a defendant, not simply to substitute him for a mistakenly named existing defendant. However, Plaintiff fails to assert any argument or facts to satisfy Fed. R. Civ. P. 15(c). Therefore, Plaintiff's claims against Sommers do not relate back to his timely-filed pleadings. *See, e.g., Van Story v. Washington Cty. Health Dept,* No. CV ELH-17-3590, 2019 WL 3340656, at *15 (D. Md. July 25, 2019) (finding that plaintiff's proposed amendment to add two defendants that were identified by name and listed as her former supervisors in her complaint and amended complaint did not relate back because the individuals were clearly known to her when she initiated the litigation and there was no "mistake concerning the proper party's identity," but she instead failed to bring suit against them); *Schieszler v. Ferrum Coll.*, 233 F. Supp. 2d 796, 800-02 (W.D. Va. 2002) (discussing that Fed. R. Civ. P. 15(c) is a device to substitute the correct name of an existing defendant, not add a new defendant) (citing *Onan v. County of Roanoke,* 52 F.3d 321, 1995 WL 234290 (4th Cir. Apr. 21, 1995).

In summary, Plaintiff was present and personally observed the search and seizure; as such, the two-year statute of limitations began to run on July 22, 2016. Plaintiff unequivocally knew that Sommers was present and participated in the search and seizure. Yet, Plaintiff chose not to name Sommers as a defendant until March 14, 2019, well after the two-year period had expired. Plaintiff provides no justification to find that the newly filed complaint relates back to the original pleadings. Accordingly, the undersigned **FINDS** that Plaintiff's search and seizure claim against Sommers is time-barred.

## 2. False arrest and false imprisonment

Regarding Plaintiff's false arrest and false imprisonment claims against Sommers, the Court has already determined that the law enforcement officers present on July 22, 2016 had probable cause to arrest Plaintiff, as was thoroughly explained in the Court's Order. (ECF No. 65). In addition, both Plaintiff's false arrest and false imprisonment claims are subject to one-year statutes of limitations. *Brown v. Belt*, No. 2:15-CV-11549, 2019 WL 1302627, at *6 (S.D.W. Va. Mar. 21, 2019) (applying one year statute of limitations to false arrest claim); *Coss v. Blatt*, No. 2:18-CV-1199, 2019 WL 357979, at *3 (S.D.W. Va. Jan. 29, 2019) ("Under West Virginia law, tort claims for false arrest have a strict one-year statute of limitations that accrue when the false arrest occurs."); *Kanode*, 2015 WL 9589729, at *3 (applying one year statute of limitations to claims of false arrest and false imprisonment). The limitations period for Plaintiff's false arrest claim began when Plaintiff was arrested, and the false imprisonment claim accrued when he was detained pursuant to legal process. *Frederick v. W. Virginia Dep't of Health & Human Servs.*, No. 2:18-CV-01077, 2019 WL 1198027, at *39 (S.D.W. Va. Feb. 15, 2019), *report and recommendation adopted,* 2019 WL 1173358 (S.D.W. Va. Mar. 13, 2019), *reconsideration denied,* 2019 WL 1748532 (S.D.W. Va. Apr. 18, 2019) (stating that the one-year statute of limitations for a claim of false arrest begins to run on the date of the alleged false arrest and claim of false imprisonment accrues when a criminal defendant is detained pursuant to legal process).

Thus, in this case, Plaintiff was arrested on July 22, 2016 and appeared four days later before a county magistrate, who found probable cause that Plaintiff committed the alleged crimes. (ECF No. 124 at 2-3). Therefore, the one-year statute of limitations on Plaintiff's false arrest claim began on July 22, 2014, and his false imprisonment claim

accrued four days later. Both periods expired in July 2015, but Plaintiff did not file the complaint in Case No. 1:19-cv-00186 until March 2019. Consequently, the undersigned **FINDS** that Plaintiff's false arrest and false imprisonment claims are untimely, and, for the reasons previously stated, they do not relate back to his original complaint.

### 3. Malicious prosecution

Plaintiff's malicious prosecution claim is likewise subject to a one-year statute of limitations. *Miller v. Ashton*, No. 5:19CV212, 2019 WL 5342529, at *6 (N.D.W. Va. Oct. 21, 2019) (applying one year statute of limitations to malicious prosecution claim); *Hammitt v. Stump*, No. 5:18-CV-01214, 2019 WL 4696349, at *7 (S.D.W. Va. Sept. 25, 2019) (applying one year statute of limitation to malicious prosecution claim). Plaintiff is correct that this claim did not accrue until the case terminated in Plaintiff's favor. *Miller*, 2019 WL 5342529, at *6 (stating that malicious prosecution statute of limitations commences upon favorable termination of the action); *Hammitt,* 2019 WL 4696349, at *7 (same). Therefore, this claim is timely filed.

However, a "malicious prosecution claim is properly understood as a claim for an unreasonable seizure (one not supported by probable cause) under the Fourth Amendment to the United States Constitution." *Bonnell v. Beach*, No. 3:19-CV-8, 2019 WL 3646783, at *7 (E.D. Va. Aug. 6, 2019). As stated, the Court has already determined that Sommers had probable cause to arrest Plaintiff based on his investigation, statements from the putative victims, and other evidence. (ECF No. 65). Therefore, the undersigned **FINDS** that Plaintiff does not assert a viable malicious prosecution claim against Sommers.

### 4. Defamation and perjury

Plaintiff claims that Sommers defamed him and committed perjury in his

statements to the magistrate and in grand jury testimony. Defamation claims are subject to a one-year statute of limitation. *Collins v. Keller*, No. 5:17-CV-01330, 2018 WL 4659339, at \*6 (S.D.W. Va. Sept. 28, 2018), *appeal dismissed,* 748 F. App'x 572 (4th Cir. 2019), *cert. denied,* 139 S. Ct. 2754 (2019) (applying one year statute of limitations to defamation claim); *Kerr v. Marshall Univ. Bd. of Governors,* No. 2:16-CV-06589, 2017 WL 9534582, at \*7 (S.D.W. Va. June 28, 2017), *report and recommendation adopted,* No. 2:16-CV-06589, 2017 WL 4176229 (S.D.W. Va. Sept. 21, 2017), *aff'd,* 735 F. App'x 827 (4th Cir. 2018), *cert. denied,* 139 S. Ct. 1198 (2019) (same). Plaintiff appeared before the magistrate in July 2016 and the grand jury indicted him in October 2016. (ECF Nos. 53-2, 53-4). He did not file the instant claims against Sommers until March 2019. Thus, the defamation claim is untimely.

In addition, "the law is well-settled that grand jury witnesses enjoy the same immunity as witnesses at trial, which is an absolute immunity from any § 1983 claim based on the witness's testimony." *Dreyfuse v. Chiles*, No. 3:17-CV-04031, 2018 WL 4381276, at \*2 (S.D.W. Va. Mar. 23, 2018), *report and recommendation adopted,* 2018 WL 3493083 (S.D.W. Va. July 20, 2018) (citing *Rehberg v. Paulk*, 566 U.S. 356, 369 (2012)). In addition, a "police officer who testifies before a grand jury or at trial is afforded the same immunity as any lay witness." *Id.* at 367-68 (citing *Briscoe v. LaHue*, 460 U.S. 325, 342-43 (1983).

Therefore, the undersigned **FINDS** that Plaintiff's defamation and perjury claims are time-barred and also fail as a matter of law.

### 5. Deliberate indifference

Finally, Plaintiff asserts that Sommers denied him medical care at the Sheriff's office on July 22, 2016 after Lacy allegedly injured Plaintiff's wrist by aggressively

handcuffing him during his arrest. (ECF No. 124 at 3). This claim is governed by a two-year statute of limitations that accrued on the date that Sommers allegedly denied Plaintiff medical care. *Jones v. Weaver*, No. 1:16-CV-212, 2019 WL 3034672, at *4-5 (N.D.W. Va. July 11, 2019) (applying two year statute of limitations to denial of medical care claim); *Redleski v. Proctor*, No. 1:15CV89, 2018 WL 2966958, at *4 (N.D.W. Va. June 13, 2018) (same); *Chappell v. N. Neck Reg'l Jail*, No. 1:16CV113 (LMB/IDD), 2016 WL 9185409, at *3 (E.D. Va. Nov. 4, 2016), *aff'd sub nom. Chappell v. Reese*, 682 F. App'x 184 (4th Cir. 2017) ("Clearly, then, if plaintiff's allegations are presumed true, he was knowingly 'denied adequate medical care' while he was confined at NNRJ, and his Eighth Amendment claim accrued at that time."). Again, Plaintiff's complaint against Sommers was not filed until March 2019, which was well after the statute of limitations expired.

In addition, Plaintiff's deliberate indifference claim fails on the merits, as the complaint lacks sufficient factual allegations to state a plausible constitutional claim against Sommers. The Eighth Amendment to the United States Constitution requires prison officials to provide prison inmates with basic medical care. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). A prison official violates this constitutional guarantee when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. at 104; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

To state a cognizable Eighth Amendment claim, an inmate must satisfy two prongs: one objective and one subjective. First, the inmate must demonstrate the existence of a medical condition or need that is objectively serious. *Estelle,* 429 U.S. at 104. "Compelling a showing of significant physical or emotional harm, or a grave risk of such harm, infuses an element of objectivity into the analysis, lest resolution of the seriousness of the deprivation devolve into an application of the subjective views of the judges deciding the

question." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (citing *Strickler v. Waters,* 989 F.2d 1375, 1379–80 (4th Cir. 1993)).

Second, the inmate must show that the official subjectively knew of, but disregarded, "an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837. To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990). The Supreme Court explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 837. Deliberate indifference is more than mere negligence but less than malice. *Flores v. Stevenson,* Civil Action No. 2:11–cv–01278–TMC–BHH, 2012 WL 2803721 (D.S.C. May 11, 2012). Put simply, an official has a sufficiently culpable state of mind if he is aware of an excessive risk of harm to Plaintiff's health, but deliberately ignores it. *See Wilson v. Seiter,* 501 U.S. 294, 297 (1991). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'" *Iko*, 535 F.3d at 238 (citing *Wilson,* 501 U.S. at 298-300).

Plaintiff does not allege that Sommers was deliberately indifferent to a serious medical need. *Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 210 (4th Cir. 2017). The Court previously noted the lack of evidence that Plaintiff suffered any injury to his wrist, and Plaintiff admitted that an x-ray did not show any injury. (ECF Nos. 60 at

12-13, 65 at 17). Thus, there are simply no allegations to support a deliberate indifference claim against Sommers.

Therefore, the undersigned **FINDS** that Plaintiff's deliberate indifference claim is untimely and fails to state a claim upon which relief may be granted.

## IV.     <u>Proposal and Recommendation</u>

For the reasons that follow, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings herein and **RECOMMENDS** that Defendants' Motion and Amended Motion to Dismiss, (ECF Nos. 120, 121), be **GRANTED**; that the complaint, (ECF No. 115), which is also filed in Case No. 1:19-cv-00186 be **DISMISSED**, with prejudice; that Case No. 1:19-cv-00186 be **CLOSED** and **REMOVED** from the docket of the Court; and that Plaintiff be permitted to proceed with the remaining claim that is pending in Case. No. 1:17-cv-03633.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure. The parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of

Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff, Defendants, counsel of record, and any unrepresented party.

**FILED:**  December 4, 2019

Cheryl A. Eifert
United States Magistrate Judge

20