IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LARRY ARNOLD YOUNG,

    Plaintiff,

v.                                        CIVIL ACTION NO. 1:17-03633

T.A. LACY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's second renewed motion for appointment of counsel. (ECF No. 126.) For the following reasons, plaintiff's motion is **DENIED**.

Plaintiff has one remaining claim in this case – a claim for unlawful search, brought under 42 U.S.C. § 1983. (See ECF No. 137.) There is no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. See 28 U.S.C. § 1915(e)(1) (2010); see also Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Although the court has some discretion in assigning counsel, the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the court must consider the complexity of the claims in dispute and the ability of the indigent party to present them. Whisenant v. Yuam, 739 F.2d

160, 163 (4th Cir. 1984); see also Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982) ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it.") (footnote omitted).

Plaintiff argues that he is not trained in law and cannot afford counsel. (ECF No. 126.) Unfortunately, these grounds are not exceptional. Many pro se litigants are unable to find lawyers willing to represent them, and many lack funds to hire counsel on an hourly basis. Most pro se plaintiffs also lack legal training and education. These limitations do not, in and of themselves, satisfy the "exceptional" standard to justify the appointment of counsel. See, e.g., Christian v. Hale, 2019 WL 7559789, at *1 (S.D.W. Va. June 27, 2019), *report and recommendation adopted*, 2019 WL 3801549 (S.D.W. Va. Aug. 13, 2019) (declining to appoint counsel where plaintiff "is indigent, cannot afford to hire counsel, and has limited knowledge of the law"); Louis v. Martinez, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010) (declining to appoint counsel even in circumstances where the plaintiff was incarcerated, housed in the special housing unit, subjected to continuous lock down, and had restricted access to the law library and no opportunity to obtain legal assistance from fellow inmates).

2

Having reviewed plaintiff's filings, the court finds plaintiff to be capable of retaining counsel or presenting his claims.  Accordingly, plaintiff's motion for appointment of counsel is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 17th day of August, 2020.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge