IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LARRY ARNOLD YOUNG,

    Plaintiff,

v.                            CIVIL ACTION NO. 1:17-03633

T.A. LACY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are plaintiff's motion to retain the case on its active docket and defendant's cross-motion to enforce the settlement agreement.  For the reasons that follow, plaintiff's motion is **DENIED** and defendant's motion is **GRANTED**.

I.   **Background**

This case arises from plaintiff's interaction with police officers on July 20, 2016, and his subsequent detention. Plaintiff says that the police illegally searched his house, falsely arrested him, and used excessive force both during the arrest and during his subsequent detention while his charges were pending.  On September 28, 2018, the court granted summary judgment in favor of defendants[1] as to all claims except plaintiff's illegal search claim.  (See ECF No. 65.)

_____

[1] At that time, there were multiple defendants:  T.A. Lacy, Perry Richmond, and Aaron Young.  After the court's ruling on summary judgment, T.A. Lacy became the only remaining defendant. Plaintiff attempted to add Steven Sommers as a defendant by a

The court held a final pretrial conference on August 3, 2020, but plaintiff did not appear.  Noting that plaintiff had previously had trouble receiving mail, the court continued the hearing to August 31, 2020, and directed that plaintiff receive notice by certified mail.  At the August 31 hearing, plaintiff appeared but stated that he could not hear.  He further stated that he would have hearing aids in ten days and would then be able to hear, so the court continued the hearing to September 14, 2020.

At the September 14 final pretrial conference (the third one), the court inquired as to whether the parties had attempted to settle the case.  Defendant's counsel responded that they had, but that he and plaintiff had a significant difference of opinion as to the value of the case, and they had not come to a resolution.  The court informed plaintiff that the most that he could recover, should he prevail at trial, was $1.00.  See Norwood v. Bain, 143 F.3d 843, 855-56 (4th Cir. 1998), reh'g en banc granted, opinion vacated (July 9, 1998), on reh'g en banc, 166 F.3d 243 (4th Cir. 1999) (holding that when an illegal search results in "annoyance, humiliation, and indignity" but not in "actual harm," an award of only nominal damages is appropriate).  The court stated this because, even construed

---

separate complaint (ECF No. 115), which the court dismissed on July 24, 2020. (ECF No. 138.)

liberally, as this court must construe *pro se* pleadings, plaintiff's complaint does not allege actual harm resulting from the alleged illegal search.[2]  Likewise, even construed liberally, plaintiff's complaint does not allege "evil motive or intent" or "reckless or callous indifference to the federally protected rights of others" in relation to his illegal search claim that would support a claim for punitive damages.  See Smith v. Wade, 461 U.S. 30, 56 (1983).  Moreover, even if plaintiff had properly alleged actual harm, there was nothing in the record to support actual harm.  As a result, the only damages that plaintiff could recover at trial in this matter would be nominal damages.

Plaintiff initially responded that he wanted to take the case to trial, but then he quickly reversed course and asked about the status of defendant's settlement offer.  Counsel for defendant stated that the offer of $500 was still on the table. Plaintiff responded that he would accept the offer.  The court engaged in a colloquy with plaintiff to make sure he understood the consequences of accepting the settlement offer:

> THE COURT:  Now, Mr. Young, you need to understand
> that if you accept this -- if this case is settled today,
> you can't appeal it.  It's over.  Do you understand that?

---

[2] While plaintiff had alleged physical harm, this was in relation to his claim of excessive force, which the court dismissed. Plaintiff also claimed that he was put in a life-threatening situation, but this related to his claim of false arrest, which the court also dismissed.

MR. YOUNG:  I can't bring up charges for 19 months
of confinement in a life-threatening situation 24/7?

THE COURT:  No, because those counts have all been
dismissed by the Court.

MR. YOUNG:  Okay.

THE COURT:  Now, you can appeal my order on that
if you wish, but you can't appeal it if you accept the
settlement.  I want you to understand that this $500
settlement is going to end this case once and for all.

MR. YOUNG:  But I still have the right to appeal
the fact that I was illegally detained, unlawfully
detained?

THE COURT:  If this case settles today, you don't have a
right to appeal.  The case is over.

MR. YOUNG:  So if he pays me $500, then this case is
closed; is that correct?

THE COURT:  That's right.

MR. YOUNG:  Okay.  Let's go that route.

THE COURT:  Do you agree to that?

MR. ADKINS:  He's asking you.

THE COURT:  Is that acceptable to you?

MR. YOUNG:  I can't make it out, Your Honor.  I got my
hearing aids today, and they need to do some adjusting on
them.

THE COURT:  Is the $500 settlement acceptable to you with
the understanding that this case is over, and you
don't have a right to appeal, all your claims are gone,
this case is finished?

Do you understand that?

MR. YOUNG:  This case is closed, and I forfeit any rights I
have to appeal; is that correct?

4

THE COURT:  That's correct.

MR. YOUNG:  Okay, Your Honor.

THE COURT:  Do you understand that?  And you accept the
$500, right?

MR. YOUNG:  I'm giving up those rights; is that correct?

THE COURT:  That's right.

MR. YOUNG:  Well, if he's going to give me the $500, then
I'll make a motion to have this case resolved and dismissed
from the docket.

THE COURT:  All right.

This case is settled, and this hearing is concluded.  And
I'll enter our standard settlement order, Mr. Adkins, and
if you want to add anything else to the record, you have a
right to do so.

(Tr. of Final Pretrial Conf., 6:10-8:8, ECF No. 154.)

## II.  Discussion[3]

Among the inherent powers of district courts is the power

to enforce a settlement agreement.  Hensley v. Alcon Labs.,

Inc., 277 F.3d 535, 540 (4th Cir. 2002).  Neither a party's

regret over agreeing to settlement nor the lack of a formal,

written agreement is grounds for undoing a valid settlement.

See id.  When there is a complete settlement agreement, the

---

[3] Because the court concludes that there was a valid settlement
in this case, which means that the case should remain closed,
the court will not separately analyze plaintiff's motion to
retain the case on its active docket other than to observe that
plaintiff offers no legal authority for the motion.

terms of which the court can determine, the agreement is enforceable by court order.  See id.

The agreement here is simple and was memorialized in open court.[4]  Plaintiff agreed to dismiss the case in exchange for $500.  Nevertheless, plaintiff now argues that he was operating under the misunderstanding that he could still pursue claims against previously dismissed defendants.  The court notes that this theory, which plaintiff advances in response to defendant's cross-motion to enforce the settlement, contradicts plaintiff's earlier motion, which asked the court to "clarify[]" that he could continue his case (by means of appeal) against all defendants, including T.A. Lacy.  (See ECF No. 152.)  Thus, plaintiff's claim that he meant to settle against only T.A. Lacy is not well taken.

---

[4] Ordinarily, when there is a factual dispute as to whether a settlement occurred, the court must conduct an evidentiary hearing.  See Hensley v. Alcon Labs., Inc., 277 F.3d 535, 541 (4th Cir. 2002) (citing Ozyagcilar v. Davis, 701 F.2d 306, 308 n.*(4th Cir. 1983)).  No hearing is necessary, however, when the settlement at issue occurred in open court.  See Topiwala v. Wessell, 509 F. App'x 184, 187 (4th Cir. 2013) (explaining that factual challenge to settlement must be plausible to merit evidentiary hearing); Doi v. Halekulani Corp., 276 F.3d 1131, 1139 (9th Cir. 2002) ("Thus, there was no need for an evidentiary hearing on whether an agreement existed, or what its terms were:  the parties dispelled any such questions in open court.").  As the parties agreed to settle this case in open court and on the record, the court will dispense with an evidentiary hearing as unnecessary.

As defendant points out, while courts are expected to provide more latitude to *pro se* litigants than they may provide to attorneys, the duty of candor to the court applies across the board.  Of course, the court recognizes that plaintiff has trouble hearing, but the court continued the final pretrial conference for a period of two weeks so that plaintiff could resolve that issue.  Furthermore, although plaintiff asked the court to repeat itself during one point in the hearing, there is no indication that he did not hear well enough to understand and agree to the terms of the settlement and understand that settling the case would prevent him from proceeding with an appeal.  Plaintiff's argument therefore appears disingenuous.

Notably, plaintiff does not contest defendant's account of the objective indicia of a meeting of the minds on September 14, 2020.  He simply says that, subjectively, he misunderstood what happened.  Although the court recognizes that legal proceedings can be confusing to lay persons such as plaintiff, the court finds that there was a meeting of the minds to the simple terms of the settlement in this case.  To find otherwise would be to ignore the record, including the transcript of proceedings on September 14, 2020, and plaintiff's motion to retain the case on

the active docket, both of which directly contradict plaintiff's claim that he misunderstood the terms of the settlement.[5]

## III. Conclusion

For the foregoing reasons, plaintiff's motion to retain the case on the active docket (ECF No. 152) is **DENIED** and defendant's cross-motion to enforce the settlement agreement (ECF No. 156) is **GRANTED.**

**Plaintiff has the right to appeal this order.  If he chooses to do so, he must file a notice of appeal within 30 days of the entry of this order.**

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 3rd day of November, 2020.

ENTER:

David A. Faber
Senior United States District Judge

---

[5] Even if there were a mistake, it would appear to be a mistake of law, not of fact, which would not be grounds to undo the agreement.  See Webb v. Webb, 301 S.E. 2d 570, 574 (1983) (citing Burton v. Haden, 108 Va. 51, 60 S.E. 736 (1908) and Harner v. Price, 17 W. Va. 523 (1880)) ("[A]n individual should not be permitted to avoid obligations he undertook while laboring under a mistake of law.").