IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LARRY ARNOLD YOUNG,

    Plaintiff,

v.                          CIVIL ACTION NO. 1:17-03633

T.A. LACY,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

Pending before the court is defendant T.A. Lacy's Motion for Entry of Order Dismissing Case with Prejudice. (ECF No. 180.)  For the reasons stated in the motion, in the court's previous order (ECF No. 177), and below, the court will grant the motion.

This matter was settled in open court on September 14, 2020. (ECF No. 151.)  Plaintiff agreed to release all claims against defendant and dismiss this case in exchange for $500.[1] (<u>Id.</u>)  On November 3, 2020, the court granted defendant's motion to enforce the settlement agreement.  (ECF No. 162.)  Plaintiff appealed; the United States Court of Appeals for the Fourth Circuit affirmed.  (<u>See</u> ECF No. 169.)  Plaintiff has not signed

---

[1] Implicit within these terms was the signing of a standard release.  Furthermore, plaintiff stated on the record that he would move the court to dismiss the case, which he has not done to date.

a release despite defendant's multiple requests to plaintiff to do so.

On January 20, 2022, the court provided plaintiff with one final opportunity to sign the release and ordered him to do so and to return the release to defendant within 21 days.  (See ECF No. 177.)  The court warned plaintiff that if he failed to do so, the court would dismiss this case with prejudice upon defendant's motion and that plaintiff would have no claim to the $500 in settlement funds.  (Id.)

On January 31, 2022, plaintiff filed a document called "Exceptions And Objections to Memorandum Opinion and Order." (ECF No. 180.)  In this document, plaintiff continues to contest whether there was a settlement.  He further argues that the release is overbroad.  Despite the court's orders, and despite his loss on appeal of a challenge to the court's order enforcing the settlement agreement, plaintiff states that he "has no intentions whatsoever" of signing the release.  (See id. at 3.)

The court has reviewed the release and finds that it is not overbroad.  It appropriately covers the claims that plaintiff settled in open court.  The court therefore rejects plaintiff's argument on this point, as well as his continued efforts to dispute the validity of the settlement agreement.

Because the time has elapsed for plaintiff to comply with the court's previous order, and because it is clear that

2

plaintiff has no intention of doing so, the court **ORDERS** that this case be **DISMISSED** with prejudice.  The court further finds that by failing to comply with his part of the settlement agreement, despite numerous opportunities to do so, plaintiff has willfully waived any claim to the settlement monies.

Defendant further asks that this court award fees and costs incurred as a result of plaintiff's failure to honor the settlement agreement.  At this time, the court **DENIES** that relief without prejudice.  Defendant is free to file a separate motion for fees and costs associated with enforcing the settlement agreement.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and, by certified mail, return receipt requested, to plaintiff at P.O. Box 538, Lashmeet, WV 24733.

**IT IS SO ORDERED** this 16th day of February, 2022.

ENTER:

David A. Faber
Senior United States District Judge